UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD TAYEB, | Case No. 2:26-cv-01311-TLN-CSK (PS) |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL., | (ECF No. 7) |
| Defendant. | |

Pending before the Court is Plaintiff Mohammad Tayeb's motion to request to seal portions of the Complaint and supporting exhibits.[1] (ECF No. 7.) Plaintiff is appearing without counsel. Plaintiff requests the following be sealed: portions of the Complaint that specifically identify Plaintiff's medical condition, diagnoses, treatment conditions, and related confidential health information; any attached exhibits that contain the same or similar medical information; and any duplicate references to the aforementioned information in supporting materials filed with the Complaint. (ECF No. 7 at 2.)

Defendants have not filed an opposition to Plaintiff's request. For the reasons that follow, the Court DENIES Plaintiff's motion to seal.

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I.   LEGAL STANDARDS

Courts recognize "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Courts in the Ninth Circuit "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Parties seeking to seal records attached to a motion that is "more than tangentially related to the merits of a case" must satisfy the "compelling reasons" standard. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *see Perimeter Sols., L.P. v. Fortress N. Am., L.L.C.*, 2024 WL 3967472, at *1-2 (E.D. Cal. Aug. 28, 2024) (applying the compelling reasons standard to a request to seal an exhibit to a complaint).

To decide whether the party requesting to seal has carried its burden under the compelling reasons standard, the court balances the reasons for secrecy with the public's interests in disclosure. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The court cannot rely on "hypothesis or conjecture" nor on assertions that merely cite a general category of privilege. *See id.* at 1184. Instead, a party that wishes to keep its documents secret must point out a "specific linkage" between its interests in secrecy and those documents. *See id.* at 1182 ("[C]onclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents."), 1184. Under this Court's Local Rule 141, documents may only be sealed by written order upon the showing required by applicable law. E.D. Cal. Local Rule 141(a).

## II.   DISCUSSION

At this time, the Court finds that Plaintiff has not met his burden under the compelling reasons standard. *See Kamakana*, 447 F.3d at 1179. Plaintiff has failed to specifically identify which portions of the Complaint and supporting documents he requests the Court to seal. Plaintiff has also failed to name specific authority for sealing under Local Rule 141.

Accordingly, Plaintiff's request to seal is denied without prejudice. Plaintiff may file a second motion to seal that identifies the specific portions of the Complaint and each Exhibit he would like to seal and the basis for sealing these portions.

## III.    CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to seal (ECF No. 7) is DENIED WITHOUT PREJUDICE. Plaintiff shall have twenty-one (21) days from the date of this order to file a second request to seal. If Plaintiffs do not file a second request, the Complaint and Exhibits will remain in the docket unsealed.

Dated:  April 30, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, taye.1311.26.seal

3