UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOHAMMAD TAYEB,

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,

Defendant.

Case No. 2:26-cv-01311-TLN-CSK (PS)

ORDER AND FINDINGS AND RECOMMENDATIONS

(ECF Nos. 15, 25)

Pending before the Court is Defendant United States Citizen and Immigration Services' ("USCIS") motion to dismiss, and Plaintiff Mohammad Tayeb's motion for leave to file a sur-reply.[1] (ECF Nos. 15, 25.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file and vacated the September 29, 2026 hearing.

For the reasons that follow, the Court GRANTS Plaintiff's motion for leave to file a sur-reply and recommends GRANTING Defendants' motion to dismiss and DISMISSING the Complaint without leave to amend.

/ / /

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

# I. BACKGROUND

## A. Factual Allegations[2]

The Complaint alleges Plaintiff filed an application for a Form I-129F, Petition for Alien Fiancée, on January 27, 2025. Compl. ¶ 11 (ECF No. 14)[3]. Plaintiff alleges that the application had been pending before Defendant USCIS for more than 14 months without adjudication. *Id*. Accordingly, Plaintiff filed a petition for a writ of mandamus requesting the Court compel Defendants to promptly adjudicate Plaintiff's I-129F petition. *Id*. ¶ 37.

## B. Procedural Posture

Plaintiff initiated this action by filing the Complaint on April 3, 2026, seeking mandamus relief against Defendants USCIS, Pamela Bondi, Joseph B. Edlow, Markwayne Mullin, and Director of the California Service Center, USCIS. (ECF No. 14.) On July 6, 2026, Defendants filed a motion to dismiss, which was noticed for hearing on September 29, 2026. (ECF Nos. 14, 17.) On July 29, 2026, after Plaintiff failed to file a timely opposition, the Court vacated the hearing and granted Plaintiff an additional opportunity to file an opposition until August 18, 2026. (ECF No. 18.) Plaintiff filed an opposition and a motion for leave to file a supplemental complaint on August 18, 2026. (ECF Nos. 19, 21.) On August 26, 2026, the Court denied Plaintiff's motion for leave to file a supplemental complaint without prejudice due to the pending motion to dismiss. (ECF No. 23.) Defendants replied on September 1, 2026. (ECF No. 24.) On September 2, 2026, Plaintiff filed a motion for leave to file a limited sur-reply. (ECF No. 25.)

/ / /

/ / /

---

[2] These facts primarily derive from the complaint (ECF No. 14), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

[3] The Court granted Plaintiff's motion to seal the Complaint on June 25, 2026. (ECF No. 13.) The Court's citations to the Complaint refer to the redacted Complaint filed at ECF No. 14.

## II. LEGAL STANDARDS

### A. Rule 8, Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B. Subject Matter Jurisdiction under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

## III. DISCUSSION

The Complaint seeks an order for Defendants to adjudicate Plaintiff's I-129F Petition within 30 days of the Court's order and declaratory relief that a failure to adjudicate the I-129F Petition within a reasonable time is unlawful under the Administrative Procedure Act. Compl. ¶¶ 36(a)-(b).

Defendants move to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) because its approval of Plaintiff's I-129F Petition moots the action. Def. Mot. at 2-3 (ECF No. 15). Separately, Plaintiff moves for leave of court to file a sur-reply. Pl. Mot. Sur-Reply (ECF No. 25).

### A. Plaintiff's Motion for Leave to File Sur-Reply

Plaintiff moves for leave to file a sur-reply which rebuts an assertion made in the reply brief that Plaintiff's proposed supplemental complaint "fail[ed] to identify any additional defendant." *See* Pl. Mot. Sur-Reply at 2. Local Rule 230(m) restricts the filing of any additional memoranda, papers, or materials to be filed without court approval except for objection to reply evidence or a notice of supplemental authority. L.R. 230(m). Here, Plaintiff's sur-reply does not provide additional argument, but seeks to correct the

record that the proposed supplemental complaint named Secretary of State Marco Rubio as a new defendant. Pl. Mot. Sur-Reply at 2. Accordingly, the Court grants Plaintiff leave to file a sur-reply.

**B. Defendant USCIS' Motion to Dismiss**

Defendants move to dismiss the Complaint on mootness grounds because Plaintiff's I-129F Petition has been approved. Def. Mot. at 2-3. Plaintiff agrees with Defendants that the processing of the I-129F Petition "completed the specific adjudication" that was challenged in the Complaint. Pl. Opp. at 4 (ECF No. 19). "In general, when an administrative agency has performed an action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot." *Rosemere Neighborhood Ass'n v. U.S. Environmental Protection Agency*, 581 F. 3d 1169, 1172-73 (9th Cir. 2009) (citing *Publ. Util. Comm'n v. FERC*, 100 F. 3d 1451, 1458 (9th Cir. 1996)). Here, the Complaint requests mandamus relief in the form of adjudication of his I-129F Petition, which Plaintiff confirms was approved on June 12, 2026. Pl. Opp. at 4. The Court concludes that there is no longer a live case or controversy with respect to Plaintiff's mandamus action, and that Plaintiff's claim is moot and subject to dismissal for lack of jurisdiction. *See Hossain v. USCIS*, 2024 WL 3984607, at *1 (E.D. Cal. Aug. 28, 2024) (dismissing mandamus action seeking processing of asylum application on mootness grounds when defendant scheduled an asylum interview). Due to the mooting of Plaintiff's request for mandamus relief, the Court concludes that the Complaint "could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F. 3d 1122, 1130 (9th Cir. 2000). Thus, the Court recommends granting Defendants' motion to dismiss for lack of subject matter jurisdiction without leave to amend.

**IV. CONCLUSION**

In conclusion, IT IS HEREBY ORDERED that Plaintiff's motion for leave to file a sur-reply (ECF No. 25) is GRANTED.

Further, based upon the findings above, it is RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 15) be GRANTED.
2. The Complaint be DISMISSED without leave to amend.
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 29, 2026

Chi Soo Kim
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, taye.1311.26.mtd